NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1199 SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>      Plaintiff,<br><br>   v.<br><br>AMBOY CARE CENTER, INC.,<br><br>      Defendant. | Docket No.: 15-cv-309<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff's motion for the entry of default judgment and on Defendant's cross-motion to vacate default. For the reasons set forth below, the motion for default judgment is denied, and the motion to vacate default is granted.

**I.    BACKGROUND**

According to the Affidavit of Defendant's counsel, Amboy Care Center, Inc. ("Amboy Care") and Plaintiff entered into a collective bargaining agreement for the term April 1, 2005 through June 15, 2008 ("CBA"). On or about November 29, 2011, a grievance was filed alleging that Amboy Care had not provided bargaining unit employees with the appropriate amount of vacation time. On or about January 22, 2014, an arbitration was conducted. Amboy Care's owner, Michael Konig, appeared as its representative. No attorney appeared on behalf of Amboy Care.

The dispute appears to have centered around one part of the CBA, Article 36.8. Although neither party has provided the Court with a copy of Article 36.8, it appears that it permitted reduced vacation time for certain employees.

1

Although neither party has provided a copy of the Decision, the Affidavits of their Counsel indicate that the Arbitrator completed the Decision in August 2014, awarding the Plaintiff over $220,000, to pay back fifty-four employees for vacation days that they did not receive. Defendant alleges that it never received a copy of the Decision. However, on November 25, 2014, Plaintiff's attorney sent Defendant a letter which had a copy of the Decision attached.[1] (ECF No. 10 at 6). That letter also warned that if the Defendant had not at least agreed to a payment plan by December 2014, Plaintiff would file an enforcement action in federal court.

Plaintiff first filed its Complaint in this matter on January 15, 2015. (ECF No. 1). On February 26, 2015, Plaintiff filed for an entry of default, which the Court granted on February 26, 2015. (ECF No. 4). On March 5, 2015, Plaintiff filed this motion for default judgment. (ECF No. 5). Defendant opposed and filed a cross-motion to vacate default. (ECF No. 9).

## II.   LEGAL STANDARD

Default judgment is an extreme action and is disfavored where the case can be decided on the merits. *Trustees of Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Mazi Enter., LLC*, No. 10-5985, 2011 WL 1205655, at *2 (D.N.J. Mar. 28, 2011) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)). Pursuant to Federal Rule of Civil Procedure 55(c), the court may exercise its discretion to deny a motion for default judgment and to vacate entry of default for "good cause" shown. *United States v. Pinsky*, No. 10-2280, 2011 WL 1326031, at *2 (D.N.J. Mar. 31, 2011) (*citing Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). The "good cause" standard involves consideration of the following factors: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; (3) whether the plaintiff will be prejudiced. *See Perry v. Bruns*, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013) (*citing U.S. Currency*, 728 F.2d at 195). All doubtful cases are resolved in favor of setting aside default so that cases may be decided on the merits. *Alliots v. Meat House Franchising, LLC*, No. 14-1207, 2014 WL 3517777, at *2 (D.N.J. July 14, 2014) (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

---

[1] Plaintiff did not file the attachments of that letter with the Court.

## III. DISCUSSION

### A. Meritorious Defense

The threshold question in setting aside default is whether the defendant has asserted a meritorious defense. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). This is the critical issue because without a meritorious defense Defendant could not win at trial. *See id.* A meritorious defense is established if the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *Perry v. Bruns*, 2013 WL 1285302, at *6 (*quoting Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985)); *see also U.S. Currency*, 728 F.2d at 196. Defendant's answer must allege specific facts, not merely "simple denials and conclusory statements." *Interior Finish Contractors*, 625 F. Supp. at 1239 (*citing U.S. Currency*, 728 F.2d at 196).

Defendant argues that it has a meritorious defense. It argues that the Arbitrator exceeded the scope of his authority by declaring that Article 36.8 expired in 2008, thereby entitling certain employees to more vacation time.

Pursuant to the Federal Arbitration Act, arbitration awards may be vacated in cases "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. §10(a)(4). The scope of an arbitrator's power is determined by the terms of the CBA. *William J. Burns Int'l Detective Agency, Inc. v. New Jersey Guards Union, Inc.*, 64 N.J. Super. 301, 308 (App. Div. 1960).

Here Defendant has failed to supply a copy of the CBA and the Decision. At the same time, Plaintiff has failed to supply the same. On a motion to vacate default, the court takes the Defendant's mere allegations as true. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("We need not decide the legal issue at this time; it is sufficient that [the] proffered defense is not 'facially unmeritorious.'"). On a motion to enter default judgment, however, the Court has to make certain factual findings using evidence on the record. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Given the current factual dispute about the scope of the Arbitrator's powers, and in light of the defendant-oriented principles governing these motions, the doubts as to the ultimate meritoriousness of

3

the Defendant's defense sway in the Defendant's favor. The defense that the Arbitrator exceeded his power by declaring Article 36.8 expired is facially meritorious, and the court can adjudicate its ultimate meritoriousness upon receipt of the CBA and the Decision.

### B.     Culpable Conduct

"In assessing whether the entry of default was caused by a defendant's culpable conduct, the courts look at factors such as whether the entry of default was caused by defendant or defendant's attorney and whether the defendant responded to the entry of default with reasonable promptness." *Perry v. Bruns*, 2013 WL 1285302, at *7 (D.N.J. Mar. 26, 2013) (*citing Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984)). More than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be demonstrated. *Id.*

Defendant's attorney alleges that he failed to answer the Complaint because: (1) he was on trial for two months, during which, the time to file an Answer elapsed; (2) he believed settlement could be reached given a history of negotiations between the parties. (Certification of David Jasinski at ¶ 6). Plaintiff denies that Defendant's counsel contacted Plaintiff to discuss settlement.

On the whole, the culpability of Defendant's acts do not weigh heavily towards the entry of default judgment. The fact that Defendant's lawyer was on trial and forgot to answer the Complaint bespeaks negligence, but not willfulness. Moreover, the alleged belief that the case might be settled based on a prior history between the parties also militates against a finding of culpable conduct. The default was the fault of Defendant's counsel, not Defendant itself. Finally, the cross-motion to vacate default was filed with reasonable promptness.

### C.     Prejudice to Plaintiff

"Prejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751 at *4 (D.N.J. Sept. 3, 2013) (*quoting Itche Corp. v. G.E.S. Bakery, Inc.*, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008)). Plaintiff argues that it has been prejudiced because many of the workers who won compensation in the arbitration no longer work for Amboy Care, and it will become more and more

difficult to locate them as time goes on. While this may be true, there is no apparent danger to evidence or to the Defendant's liquidity that might warrant a more speedy entry of judgment. Moreover, if the Arbitrator clearly acted within the scope of his authority, Plaintiff can easily prove it via a motion to confirm arbitration that has a copy of the CBA and the Decision attached.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Defendant has demonstrated "good cause" to vacate default. The Defendant's motion is granted. Plaintiff's motion for default judgment is denied. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 11, 2015**